In re Ronald Gene CARROLL, Sheryl Lynn Carroll fka Sheryl Lynn Anderson, Debtors.

EVERETT C. TURNER REALTORS, Plaintiff,

v.

Sheryl Lynn CARROLL, fka Sheryl Lynn Anderson, Defendant.

Bankruptcy No. 385–05366(13).

Adv. No. 86–0083–H.

United States Bankruptcy Court, D. Oregon.

May 21, 1986.

Martin E. Hansen of Johnson, Marceau, Karnopp, Peterson and Nash of Bend, Or., for creditor.

William B. Owens, Bend, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the plaintiff-creditor's "complaint to deny discharge." The complaint is actually one

---

which objects to the dischargeability of a debt and the court will treat it as such.

The facts are agreed upon. One of the debtors herein was convicted of first degree theft in 1983. The creditor herein was the victim. As a condition of probation, the state court ordered the debtor to pay restitution to the victim. Thereafter, the debtors filed this chapter 13 case. The creditor asserts that the restitution obligation is not a "debt" under 11 U.S.C. § 101(11) and (4).

■ While there is a split of authority on this question, this court believes that the better-reasoned analysis is that in *In Re Robinson*, 776 F.2d 30 (2nd Cir.1985). In *Robinson*, the court held that a criminal restitution obligation was a "debt" for bankruptcy purposes. Accordingly, the restitution obligation was subject to the various discharge provisions of the code. This court agrees.

■ In the instant case, therefore, the complaint is premature. In the event the debtor completes the plan, he will be entitled to a discharge of all debts except support and long-term debt. 11 U.S.C. § 1328(a). If the debtor does not complete the payments, he may seek a "hardship" discharge under § 1328(b). In that event, the creditor will be given an opportunity to object to the dischargeability of the debt in question at that time.

Accordingly, the complaint will be dismissed without prejudice to the later refiling of it if the debtor seeks a hardship discharge or converts to chapter 7.

This opinion constitutes the court's findings of fact and conclusions of law.