858 F.2d 548
 20 Collier Bankr.Cas.2d 5
 In re Charles C. HEINCY, Sharon L. Heincy, Debtors,
SUPERIOR COURT FOR the STATE OF CALIFORNIA, COUNTY OF SAN
DIEGO, Appellant,
v.
Charles C. HEINCY, Sharon L. Heincy, Appellees.
 No. 87-6480.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 3, 1988.
Decided Sept. 30, 1988.
 
 Morris J. Hill, Office of County Counsel, San Diego, Cal., for appellant.
 Charles E. Duff, Jr., Dempsey, Dempsey & Duff, Vista, Cal., for appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before FARRIS and WIGGINS, Circuit Judges, and CROCKER,* District Judge.
 FARRIS, Circuit Judge:
 
 
 1
 The bankruptcy court enjoined the Superior Court of California, County of San Diego, from enforcing a criminal restitution order during the pendency of this Chapter 13 proceeding. The bankruptcy court also ruled that the restitution order was a dischargeable debt. The Bankruptcy Appellate Panel affirmed. 78 B.R. 246. We reverse.
 
 BACKGROUND
 
 2
 In February 1984, Joseph Boylan informed state authorities that Charles Heincy had embezzled money from him. The next month, Heincy and his wife, Sharon, filed a Chapter 7 bankruptcy petition. During the pendency of this proceeding, Heincy pled guilty in the Superior Court of California to a grand theft charge. At the pre-sentencing hearing, the probation officer recommended that Heincy receive a five-year sentence, suspended on the condition that Heincy pay restitution of $17,250 at a rate of $400 per month. Before sentencing, the Heincys received their Chapter 7 discharge and immediately filed a Chapter 13 petition listing Boylan as a creditor with a $7,250 claim. They failed to list the State Superior Court as a creditor in their reorganization plan.
 
 
 3
 Before the bankruptcy court confirmed the plan, the Superior Court sentenced Heincy to five years in prison, suspended on the condition that he pay restitution of $17,250 at a rate of $400 per month. Restitution would be paid to the State Superior Court, and the State would in turn pay the money to Boylan. Heincy never sought to modify the proposed plan to account for the restitution order, and the bankruptcy court confirmed the plan on December 11, 1984. For the next six months, the Heincys attempted to fulfill their monthly payment obligation of $486 under the plan and of $400 under the Superior Court restitution order. In June 1985, however, the Heincys, alleging that the reorganization plan would fail if they were required to pay $400 per month to the Superior Court and $486 per month under the plan, moved to enjoin the Superior Court and its officers from enforcing the restitution order. The bankruptcy court granted the injunction. It also ruled that the restitution order was a dischargeable debt. The Bankruptcy Appellate Panel affirmed.
 
 DISCUSSION
 1. Injunction
 
 4
 The bankruptcy court granted the injunction on a theory that the reorganization plan would fail if the Superior Court enforced its restitution order. It found that if Heincy paid $400 per month on the restitution order, he and his wife would not have enough money left to pay $486 per month on the plan. If the Heincys paid on the plan but not on the restitution order, Charles Heincy could go to prison. In either event, according to the bankruptcy court, the plan would fail, thus causing irreparable harm to Heincy.
 
 
 5
 We recognize that a bankruptcy court has the power to enjoin state criminal proceedings, but Younger v. Harris, 401 U.S. 37, 43-49, 91 S.Ct. 746, 750-53, 27 L.Ed.2d 669 (1971) defines the standard for the entry of such an order. The Supreme Court held that federal courts should not "restrain a [state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44, 91 S.Ct. at 750. Heincy did not (and could not) allege that he did not have an adequate legal remedy. The bankruptcy court never considered the question.
 
 
 6
 When the Heincys sought the injunction, they had adequate legal remedies that would have avoided failure of the plan. The restitution order required Charles Heincy to pay $400 per month over 43 months. The plan required the Heincys to pay $486 per month for 36 months. Out of the $486 monthly payment, $210 went to Joseph Boylan for debts arising out of the theft. If Charles Heincy had paid the restitution obligation to the State, Boylan would have been owed nothing under the plan because the restitution payments to the State would ultimately be turned over to Boylan to satisfy Heincy's debt to Boylan. The Heincys therefore could have requested reduction of their payments under the plan by $210. 11 U.S.C. Sec. 1329(a)(3).
 
 
 7
 If the Heincys had used Sec. 1329(a)(3), they would have owed only $676 per month--$400 per month to the State, and $276 per month under the plan. If this sum exceeded the Heincy's ability to pay, they could have sought to extend the repayment period under the plan from 36 months to a longer period to further reduce their monthly obligations. 11 U.S.C. Secs. 1329(a)(2) & (c). This potential modification to the reorganization plan would affect creditors other than the State, which remains entitled to $400 per month until the full $17,250 in restitution is repaid.
 
 
 8
 The Heincys never sought to exercise these or any other options or to explain why they would not have provided an adequate legal remedy. Nor did the bankruptcy court inquire into the possibility of a legal remedy. Those failures preclude the drastic measure of enjoining a state criminal proceedings. The bankruptcy court erred by granting the injunction.
 
 
 9
 Our decision does not preclude the Superior Court from voluntarily agreeing to accept payment through the plan. The Superior Court, through the Department of Revenue and Recovery, submitted a claim to the bankruptcy court after the injunction was issued. Whether the State should choose to accept payment through the plan instead of outside the plan is a decision for the State to make. The injunction against the Superior Court, however, is dissolved.
 
 2. Dischargeability
 
 10
 The dischargeability issue is not ripe for resolution until the court knows whether the Heincys have successfully completed payments under the plan. See In re Carroll, 61 B.R. 178, 179 (D.Ore.1986). If the Heincys ultimately complete payments under the plan, their discharge would be controlled by 11 U.S.C. Sec. 1328(a). If they do not, their discharge would be controlled by Sec. 1328(b). Under the latter section, the restitution order would not be dischargeable. Under the former section, there is considerable doubt whether the restitution order would be dischargeable in light of the Supreme Court's recent decision in Kelly v. Robinson, 479 U.S. 36, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986) (expressing "serious doubts" as to whether restitution orders are ever dischargeable). We need not now decide that issue. Because the plan is still in progress, the bankruptcy court could not have known which discharge provision would apply. We therefore reverse the bankruptcy court's ruling that the restitution order is a dischargeable debt in a Chapter 13 proceeding. The question is not yet ripe for decision.
 
 
 11
 REVERSED.
 
 
 
 *
 Honorable M.D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation