**In re: Ernest Joseph FRANCESCHI, Jr., Debtor,**

**Ernest Joseph Franceschi, Jr., Appellant,**

v.

**The State Bar of California; Francis P. Bassios, Acting Chief Trial Counsel, Appellees.**

No. 01–56678, CC–00–01099BKMA.

United States Court of Appeals, Ninth Circuit.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted July 10, 2002.*

Decided July 29, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Ernest Franceschi appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's dismissal of Franceschi's lawsuit on grounds of Eleventh Amendment sovereign immunity and *Younger* abstention. Conducting *de novo* review, we affirm entirely on the basis of *Younger* abstention. *See Mitchell v. Franchise Tax Bd. (In re Mitchell)*, 209 F.3d 1111, 1115 (9th Cir.2000); *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc). Because the parties are familiar with the factual and procedur-

---

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

al history of this case, we do not recount it here.

## I

■ As a threshold issue, we must consider *sua sponte* our jurisdiction over Franceschi's appeal. *See Lievsay v. W. Fin. Sav. Bank (In re Lievsay)*, 118 F.3d 661, 662 (9th Cir.1997). We have jurisdiction only if the BAP incorrectly determined that the bankruptcy court's order dismissing Franceschi's complaint was interlocutory. *See id.;* 28 U.S.C. § 158(d). We review *de novo* the BAP's decision that the bankruptcy court's order was not final, *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir.2000), and conclude that the decision was erroneous.

"28 U.S.C. section 158(d) affords a more liberal finality standard than does 28 U.S.C. section 1291." *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 904 (9th Cir.1993). "Ordinarily, a final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Bonham*, 229 F.3d at 761 (quoting *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1362 (9th Cir.1992)). The bankruptcy court's order dismissing Franceschi's complaint was final because it terminated the litigation and left nothing for the court to do but enter judgment.[1] *See Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506 (9th Cir.1995). Thus, the BAP had jurisdiction under 28 U.S.C. § 158(a)(1) and (c), and we exercise jurisdiction pursuant to 28 U.S.C. § 158(d).

## II

■ Citing *Contractors' State License Bd. of Cal. v. Dunbar (In re Dunbar)*, 245 F.3d 1058 (9th Cir.2001), Franceschi argues that the bankruptcy court's abstention under *Younger* was improper because abstention is fundamentally incompatible with federal bankruptcy power and would frustrate bankruptcy courts' jurisdiction to discharge debts. We have two responses to this argument. First, *In re Dunbar* is immaterial to the instant case because abstention was not involved in that case. Second and more importantly, we have applied *Younger* abstention in the context of bankruptcy proceedings, thereby rejecting the claim that such abstention is incompatible with federal bankruptcy jurisdiction. *See Superior Court v. Heincy (In re Heincy)*, 858 F.2d 548, 549 (9th Cir. 1988) ("We recognize that a bankruptcy court has the power to enjoin state criminal proceedings, but *Younger v. Harris* ... defines the standard for the entry of such an order.").

"*Younger* applies only when the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding." *Green*, 255 F.3d at 1098. Franceschi seeks to interfere with the California State Bar's disciplinary proceedings by requesting (1) a declaration that three of the charges against him violate the bankruptcy court's discharge order, and (2) a permanent injunction enjoining the prosecution of those three charges in the State Bar Court. *See id.* at 1094–98; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

---

1. In deciding that the bankruptcy court's order was interlocutory, the BAP relied on the fact that the court had failed to comply with the requirement of Federal Rule of Bankruptcy Procedure 9021 that a judgment must be set forth on a separate document. However, this reliance by the BAP was unfounded because we have held that the "failure to comply with the separate-document requirement has no bearing on the question whether the court's judgment or order is final and appealable." *In re Bonham*, 229 F.3d at 761 n. 5.

Thus, we must determine whether *Younger* abstention was required because the state disciplinary proceedings (1) were ongoing and judicial in nature, (2) implicate important state interests, and (3) provide Franceschi an adequate opportunity to litigate federal claims. *Middlesex*, 457 U.S. at 432; *Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 712 (9th Cir.1995).

### A

State proceedings are deemed "ongoing" if the state-court suit was pending at the time of the federal suit's filing. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir.2001). Under California law, attorney disciplinary proceedings in the State Bar Court commence with the filing of a notice of disciplinary charges. *See* Cal. State Bar R.P. 50 & 101(a). Because Franceschi brought his federal action after the State Bar had filed its notice of disciplinary charges against him, the state disciplinary proceedings were ongoing for *Younger* purposes. These proceedings were also judicial in nature. *See Hirsh*, 67 F.3d at 712; *Middlesex*, 457 U.S. at 433–34.

### B

"The State ... has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex*, 457 U.S. at 434. California's attorney disciplinary proceedings implicate important state interests. *Hirsh*, 67 F.3d at 712–13.

### C

California's attorney disciplinary proceedings provide Franceschi with sufficient opportunity to raise federal claims for *Younger* purposes. Although the California Constitution, Article III, section 3.5 declares that administrative agencies may not "refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute," Cal. Const., Art. III, § 3.5(c), this constitutional provision does not prevent Franceschi from raising his federal claims in the State Bar Court in order to preserve them for review in the California state courts. *See Delta Dental Plan of Cal. v. Mendoza*, 139 F.3d 1289, 1296 (9th Cir.1998); *S. Pac. Transp. Co. v. Public Utils. Comm'n of Cal.*, 716 F.2d 1285, 1290–91 (9th Cir.1983). In his response to the disciplinary charges, Franceschi may provide "such ... facts by way of defense as may be relevant," Cal. State Bar R.P. 103(c)(2)(i), and Franceschi may seek review of the State Bar Court's decision in the California Supreme Court or a California Court of Appeal. *See* Cal. Bus. & Prof.Code § 6082. This opportunity for judicial review of Franceschi's federal claims in the California courts satisfies the final requirement of *Younger*. *See Hirsh*, 67 F.3d at 713; *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir.1992); *Ohio Civil Rights Comm'n v. Dayton Christian Sch. Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

### D

We conclude that all of the *Younger* factors are present, and that none of the exceptions to the doctrine apply. Franceschi does not allege, and there is no evidence of, bad-faith prosecution, harassment, a biased state forum, or other extraordinary circumstances, and the California statutory provisions under which Franceschi has been charged are not blatantly unconstitutional. *See Hirsh*, 67 F.3d at 713–715; *Middlesex*, 457 U.S. at 437 (citing these narrow exceptions to the *Younger* doctrine). The bankruptcy court properly abstained from exercising

jurisdiction over Franceschi's federal action.[2]

**AFFIRMED.**

---

**2.** Although Franceschi raises the merits of his federal claims on appeal, we do not reach them because federal courts enjoy no discretion to decide the merits of a case once the requirements of *Younger* are met. *See Green,* 255 F.3d at 1093.

