67 F.3d 708
 95 Cal. Daily Op. Serv. 7070, 95 Daily Journal
D.A.R. 12,089
Stuart H. HIRSH, Plaintiff-Appellant,
v.
JUSTICES OF the SUPREME COURT OF the STATE OF CALIFORNIA:
Malcolm L. Lucas; Edward Panelli; Joyce Kennard; Armand
Arabian; Marvin Baxter; Ronald M. George; and Dan
Lungren, State Attorney General & acting personally for
his private appointee's financial gain; State Bar of
California; Ellen R. Peck, Employee of the State Bar as a
claimed Judge; David C. Carr, Employee Prosecutor of State
Bar Association, Defendants-Appellees.
Ralph F. SERVER, Plaintiff-Appellant,
v.
SUPREME COURT OF the STATE OF CALIFORNIA; State Bar of
California, Defendants-Appellees.
Harold Lenard PERRY, Plaintiff-Appellant,
v.
JUSTICES OF the SUPREME COURT OF the STATE OF CALIFORNIA:
Malcolm Lucas, Chief; Edward Panelli; Stanley Mosk; Joyce
Kennard; Armand Arabian; Marvin Baxter; Ronald George;
and Dan Lungren; Lise Perlman, et al., Defendants-Appellees.
Edmundo B. ESPINOZA, Plaintiff-Appellant,
v.
Malcolm LUCAS; Honorable Justices of the Supreme Court of
the State of California; Kathryn Mickle; Stanley Mosk;
Joyce Kennard; Armand Arabian; Marvin Baxter; Ronald
George; and Dan Lungren, State Attorney General,
Defendants-Appellees.
 Nos. 94-55240, 94-55250, 94-55507 and 94-56335.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 7, 1995.
Memorandum March 29, 1995.
Order and Opinion Sept. 7, 1995.
 
 Stuart H. Hirsh and Ralph F. Server, Beverly Hills, CA, Harold L. Perry, Oakland, CA, and Edmundo Espinoza, San Diego, CA, in pro per, for plaintiffs-appellants.
 Robert M. Sweet, Marina Del Rey, CA (argued), and Mark Torres-Gil, Office of General Counsel, State Bar of California, San Francisco, CA, for defendants-appellees.
 Damon M. Connolly, Deputy Attorney General, Sacramento, CA, for defendants-appellees Justices of the California Supreme Court and Attorney General Daniel E. Lungren.
 Appeal from the United States District Court for the Southern District of California.
 Before: BROWNING and ROBERT R. BEEZER, Circuit Judges, and HAGGERTY,* District Judge.
 ORDER
 The memorandum disposition filed March 29, 1995, is redesignated as a per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Facing pending attorney disciplinary proceedings in California, each appellant filed suit in federal court under 42 U.S.C. Sec. 1983, alleging deprivation of various constitutional rights. The district court granted the government's motions to dismiss. We affirm.
 
 I. Background
 
 2
 A. The California Attorney Disciplinary System
 
 
 3
 Under California law, attorney disciplinary matters are handled by the State Bar Court ("Bar Court"), an administrative agency affiliated with the California State Bar Association ("State Bar"). Calif.Bus. & Prof.Code Sec. 6086.5. The Bar Court is divided into a Hearing Department and a Review Department. Id. Secs. 6079.1, 6086.65. Disciplinary proceedings are commenced by serving the accused attorney with a Notice to Show Cause. The Hearing Department then conducts a formal adversarial hearing during which the accused attorney and a State Bar prosecutor present evidence before a Bar Court judge. The Hearing Department makes findings and a recommendation regarding appropriate discipline. The attorney may appeal to the Review Department, which reviews the Hearing Department's findings de novo and makes its own recommendation. The attorney may then file a petition for review with the California Supreme Court.[1] Id. Sec. 6082. The Supreme Court either grants review and issues a final order or denies review, in which case the Bar Court's recommendation is filed as an order of the Supreme Court. Id. Sec. 6084; Calif. Court Rule 954. Throughout this process, the Supreme Court retains inherent jurisdiction over attorney disciplinary matters. Id. 951(g).
 
 B. The Federal Suits
 
 4
 Each of the suits named as defendants the Justices of the California Supreme Court, the State Attorney General, the State Bar, the Bar Court, and the respective Bar Court judges and prosecutors involved. The appellants sought an injunction to stop the pending disciplinary proceedings, a declaratory judgment that the disciplinary system is unconstitutional, and monetary damages based on alleged deprivations of state and federal constitutional rights. The complaints allege that the disciplinary system deprives appellants of various constitutional rights, including due process, equal protection, the right to vote, and the right to court access. The district court dismissed each case on the ground that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), required abstention.
 
 
 5
 II. Abstention from Granting Injunctive and Declaratory Relief
 
 A. Requirements for Abstention
 
 6
 Younger and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. Id. at 40-41, 91 S.Ct. at 748-49; Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971) (extending Younger to declaratory judgments). Absent "extraordinary circumstances", abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Each prerequisite is satisfied in each of these cases.
 
 1. Ongoing State Proceedings
 
 7
 Each appellant faced ongoing disciplinary proceedings when he brought suit in federal court. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir.1988) (stating that abstention requires proceedings to be ongoing at the time plaintiff initiates federal proceedings). Notices to Show Cause had been directed to Hirsh and Espinoza, and the California Supreme Court had not yet filed an order regarding the Bar Court's recommendations with respect to Perry and Server. See Flangas v. State Bar of Nevada, 655 F.2d 946, 949 (9th Cir.1981) (holding proceedings were ongoing where state Board of Bar Governors had recommended discipline but final binding action had yet to be taken by the Nevada Supreme Court).
 
 
 8
 The ongoing proceedings were judicial in character. Under California's discipline system, the Hearing Department conducts a formal hearing and makes findings, the Review Department conducts a de novo review of those findings, and the Supreme Court retains inherent jurisdiction over the proceedings, including power to review the Bar Court's findings. Appellants point to no relevant distinction between this procedure and that held to be judicial in nature in Middlesex, 457 U.S. at 433-34, 102 S.Ct. at 2522; see also Partington v. Gedan, 880 F.2d 116, 122 (9th Cir.1989) (attorney disciplinary proceedings conducted by an ethics committee or its equivalent under the auspices of the state supreme court are judicial for purposes of Younger ).
 
 2. Important State Interests
 
 9
 California's attorney disciplinary proceedings implicate important state interests. See Middlesex, 457 U.S. at 434, 102 S.Ct. at 2522 ("The State ... has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses.").
 
 3. Opportunity to Present Federal Claims
 
 10
 The California Constitution precludes the Bar Court from considering federal constitutional claims. See Calif. Const. art. III, Sec. 3.5. However, such claims may be raised in judicial review of the Bar Court's decision. This opportunity satisfies the third requirement of Younger. See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 629, 106 S.Ct. 2718, 2723-2724, 91 L.Ed.2d 512 (1986); Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir.1992).
 
 
 11
 Appellants contend their opportunity for judicial review is inadequate because it is wholly discretionary.[2] Judicial review is inadequate only when state procedural law bars presentation of the federal claims. See Partington, 880 F.2d at 123; accord Moore v. Sims, 442 U.S. 415, 430 & n. 12, 99 S.Ct. 2371, 2381 n. 12, 60 L.Ed.2d 994 (1979) (finding abstention appropriate because state law did not impose procedural barriers to raising constitutional claims). The fact that review is discretionary does not bar presentation of appellants' federal claims--appellants can raise the claims in a petition for review. See Beltran, 871 F.2d at 781, 783 (opportunity to present federal claims in a petition for writ of review is sufficient to trigger Younger abstention, even though the court of appeal simply "denied the petition without elaboration"); Martori Bros. Distribs. v. James-Massengale, 781 F.2d 1349, 1352, 1354 (9th Cir.), amended on other grounds, 791 F.2d 799 (9th Cir.1986) (opportunity to raise federal claims in petition for review satisfied the requirements of Younger even though a reviewing court could deny the petition summarily); Fresh Int'l Corp. v. ALRB, 805 F.2d 1353, 1362 (9th Cir.1986) (finding abstention applicable because plaintiff "could have presented [its federal claim] to the court of appeal in its petition for review").
 
 
 12
 The California Supreme Court's rules state that Bar Court decisions will be reviewed "when it appears ... necessary to settle important questions of law." Calif.Court Rule 954(a). The court has considered federal constitutional challenges to the attorney disciplinary procedure. See, e.g., Lebbos v. State Bar, 53 Cal.3d 37, 48, 278 Cal.Rptr. 845, 806 P.2d 317 (1991). Refusing to abstain would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court squarely rejected in Middlesex, 457 U.S. at 431, 102 S.Ct. at 2520-2521. Accordingly, the third requirement for Younger abstention test was satisfied.
 
 
 13
 B. Applicability of Exceptions to Abstention
 
 1. Bias
 
 14
 Although a federal court is normally required to abstain if the three prongs of the Younger test are satisfied, abstention is inappropriate in the "extraordinary circumstance" that the state tribunal is incompetent by reason of bias. See Gibson v. Berryhill, 411 U.S. 564, 577-79, 93 S.Ct. 1689, 1697-1698, 36 L.Ed.2d 488 (1973). However, "one who alleges bias 'must overcome a presumption of honesty and integrity in those serving as adjudicators.' " Kenneally, 967 F.2d at 333 (quoting Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464-1465, 43 L.Ed.2d 712 (1975)). Appellants failed to overcome this presumption.
 
 
 15
 Appellants contend California Supreme Court justices and Bar Court judges have a direct and substantial financial interest in the outcome of disciplinary hearings. See Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 824-25, 106 S.Ct. 1580, 1586-87, 89 L.Ed.2d 823 (1986). However, appellants offer no evidence that the justices or judges receive improper payments to influence attorney disciplinary proceedings or that they are competitors who might have a financial interest in seeing appellants disbarred. See Gibson, 411 U.S. at 577-79, 93 S.Ct. at 1697-98 (optometrists who sat on licensing board were biased because of their financial interest in the outcome of hearings to revoke the licenses of optometrists with whom they competed).
 
 
 16
 The fact that fines imposed in attorney disciplinary proceedings are paid to the treasury of the State Bar does not establish an impermissible financial interest. Although the State Bar pays the salaries of the Bar Court judges, the salaries are set by statute, see Cal.Bus. & Prof.Code Sec. 6079(d), and no evidence suggests that they are in any way dependent on the amount of fines collected or that the State Bar would be unable to pay the salaries of Bar Court judges without the money collected in disciplinary proceedings, which totals less than 1% of the State Bar's revenues.[3]
 
 
 17
 Appellants offer only conjecture in support of their claim that Supreme Court justices are impermissibly biased because they appoint Bar Court judges. As the district court noted, district court judges are not deemed incompetent to review the findings of magistrate judges whom they participate in appointing. Compare Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 779-80 & n. 10 (9th Cir.1982) (school board reviewing its own prior decision was not impermissibly biased).
 
 
 18
 The absence of a mandatory statutory recusal mechanism applicable to justices of the California Supreme Court does not make a showing of bias unnecessary. The case upon which the appellants rely, Flangas v. State Bar of Nevada, 655 F.2d 946 (9th Cir.1981), held only that the court would not consider the bias exception to Younger because the plaintiff had not exhausted his state court remedies by invoking the available statutory recusal procedure. See id. at 950. Flangas did not imply that the absence of a particular recusal mechanism made it unnecessary to consider whether bias existed in fact.
 
 
 19
 Finally, appellants suggest the disciplinary process is tainted by bias because the State Bar has both investigative and adjudicative functions. However, the Supreme Court has rejected the contention that such a combination necessarily creates an unacceptable risk of bias. Such decisionmakers are still entitled to a presumption of honesty and integrity when serving as adjudicators. See Withrow, 421 U.S. at 47, 95 S.Ct. at 1464-65. Appellants offer no evidence to rebut this presumption.
 
 2. Patent Unconstitutionality
 
 20
 We reject appellants' contention that abstention is inapplicable because the California disciplinary system allegedly involves an unconstitutional delegation of power, violates separation of powers, and deprives appellants of a right to vote.[4] The California Supreme Court has previously rejected similar constitutional challenges on the ground the Bar Court functions as an administrative arm of the Court, which maintains final authority over discipline. See Lebbos v. State Bar, 53 Cal.3d 37, 48, 278 Cal.Rptr. 845, 806 P.2d 317 (1991). In any case, regardless of the ultimate merits of these claims, the pertinent statutes are not " 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' " Younger, 401 U.S. at 53-54, 91 S.Ct. at 755 (quoting Watson v. Buck, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)). Accordingly, any violation would not justify refusal to abstain.
 
 III. Dismissal of Claims for Monetary Relief
 
 21
 All of the defendants are immune from liability for monetary damages.[5] The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court. See Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir.1985). This immunity extends to the individual defendants acting in their official capacities. See Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992); see also Hafer v. Melo, 502 U.S. 21, 24-25, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991) (holding that a defendant official acting in his official capacity receives the same immunity as the government agency to which he belongs).
 
 
 22
 The individual defendants are also immune in their individual capacities. The justices of the California Supreme Court have absolute immunity for their role in reviewing the recommendations of the Bar Court. See Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 565-66 (9th Cir.1990). They are also entitled to absolute legislative immunity for actions relating to the promulgation of disciplinary rules. See Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 734, 100 S.Ct. 1967, 1975-76, 64 L.Ed.2d 641 (1980).
 
 
 23
 The Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages. Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court. Butz v. Economou, 438 U.S. 478, 511-17, 98 S.Ct. 2894, 2913-16, 57 L.Ed.2d 895 (1978). The factors cited by the Butz Court apply equally to the personnel of the Bar Court--hearings are adversarial, errors are correctable on appeal, the judges make factual findings and perform other adjudicatory functions, and Bar Court decisions are controversial enough to stimulate harassing damage actions against the adjudicators, as this case illustrates. See id. Thus, the Bar Court judges and prosecutors are immune from damages. See Clark v. State of Washington 366 F.2d 678, 681 (9th Cir.1966) (holding that Bar Association prosecuting attorney was entitled to immunity).
 
 
 24
 Finally, the California Attorney General is entitled to absolute prosecutorial immunity for his limited role in the disciplinary system. See Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976).
 
 IV. Espinoza's Recusal Motion
 
 25
 Judge Huff did not abuse her discretion by denying the motion for recusal. She is not a member of the State Bar and noted that the California Constitution forbids such membership. Cal. Const. art. VI, Sec. 9. Although Judge Huff occasionally participated in State Bar activities, she was not paid, except for reimbursement of expenses. We reject Espinoza's contention that, "a reasonable person with knowledge of all the facts would conclude that [Judge Huff's] impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir.1993).
 
 
 26
 AFFIRMED.
 
 
 
 *
 Honorable Ancer L. Haggerty, District Judge, United States District Court for the District of Oregon, sitting by designation
 
 
 [1]
 If no petition for review is filed, the Bar Court's recommendation becomes a final order of the California Supreme Court, although the Supreme Court may review the recommendation on its own motion. Id. Sec. 6084; Calif.Court Rule 953(b)
 
 
 [2]
 Hirsh also argues that the California Supreme Court's summary denial of his interim motion precluded judicial review of his federal claims. This contention is meritless--Hirsh can raise those claims in his petition for review following the conclusion of disciplinary proceedings in the Bar Court and has stated his intention to do so. See Mason v. Departmental Disciplinary Comm., 894 F.2d 512, 515 (2nd Cir.1990) (a state court's "refusal to halt the [attorney disciplinary] inquiry at its incipient stage provides no basis for believing that [the court] will be reluctant to entertain any legitimate objections [the attorney] may have in the event that disciplinary sanctions are improperly imposed")
 
 
 [3]
 This fact distinguishes the present case from In the Matter of Ross, 99 Nev. 1, 656 P.2d 832 (1983), in which the Nevada attorney disciplinary system was deemed to violate due process in part because disciplinary fines were a crucial source of revenues for the State Bar. Id. 656 P.2d at 836. Moreover, the adjudicators under the Nevada system were the State Bar Board of Governors, who were also responsible for the financial integrity of the bar. Id. No such commingling of functions exists under the California disciplinary system
 
 
 [4]
 It is unclear whether any of these claims state a violation of a federal, as opposed to a state, constitutional guarantee. We need not reach that issue
 
 
 [5]
 The district court relied on Younger abstention as its basis for dismissing the monetary claims. However, the applicability of Younger abstention to appellants' monetary claims is unclear. Compare Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (abstaining in a Sec. 1983 action because "such an action would have had a substantially disruptive effect upon ongoing state [ ] proceedings") with Lebbos v. Judges of the Superior Court, 883 F.2d 810, 816-17 (9th Cir.1989) (suggesting that abstention is inappropriate where ongoing state proceeding afforded no opportunity for the plaintiffs to receive monetary relief); see also Deakins v. Monaghan, 484 U.S. 193, 202, 108 S.Ct. 523, 529-30, 98 L.Ed.2d 529 (1988) ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."). We decline to address the issue here