97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence B. SMITH, Plaintiff-Appellant,
v.
Stanley FELDMAN, Chief Justice, Supreme Court of Arizona;
James Moeller, Vice Chief Justice, Supreme Court of Arizona;
Robert J. Corcoran, Justice, Supreme Court of Arizona;
Frederick J. Martone, Justice, Supreme Court of Arizona;
Thomas A. Zlaket, Justice, Supreme Court of Arizona; Robert
B. Van Wyck, Board of Governors of the State Bar of Arizona;
Raymond W. Brown Constituting the Board of Governors of the
State Bar of Arizona; Thomas M. Thompson; Charles A.
Irwin; J. William Brammer; Michael L. Piccareta; Dee-Dee
Samett; Don Bivens; Michael D. Kimerer; John E. Lundin;
Peter A. Neisser; Janet K. Phillips; Jose De Jesus Rivera;
Charles W. Wirken; Gloria G. Ybarra; Waldo W. Isreal;
Kirk V. Karman; Reverend John S. Goldstein; Marvin E.
Perry, Defendants-Appellees.
 No. 96-15350.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence B. Smith, an Arizona attorney, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action challenging the constitutionality of the Arizona Supreme Court Rules requiring licensed lawyers to meet certain continuing legal education requirements. Smith's First Amended Complaint named as defendants the individual Arizona Supreme Court justices and the members of the State Bar Board of Governors. The district court dismissed the action based on the Younger[1] abstention doctrine in light of proceedings to suspend Smith's license that are currently pending before the Arizona Supreme Court. We review de novo whether abstention is required. Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995). Once the requirements for abstention have been met, we review for abuse of discretion the district court's decision to abstain. Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360 (9th Cir.1993), cert. denied, 510 U.S. 1110 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Abstention is required if state proceedings are (1) judicial in nature; (2) ongoing; (3) implicate important state interests; and (4) provide the plaintiff with an adequate opportunity to litigate federal claims. Hirsh v. Justices of Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir.1995) (per curiam). The only requirement at issue is whether Smith would have an adequate opportunity to litigate his federal claims.
 
 
 4
 Arizona Supreme Court Rule 45 allows the state bar to file a motion for the summary suspension of an attorney who fails to comply with the requirements of mandatory continuing legal education. Arizona Supreme Court Rule 52(d) provides that upon the state bar's filing of a motion for summary suspension, the Supreme Court shall issue an order of summary suspension, "unless, within [ten] days of service of the [state bar's] motion upon the lawyer, the lawyer files with the court a verified response showing good cause why he should not be so suspended." Ariz.Sup.Ct.R. 52(d).
 
 
 5
 It is undisputed that rather than file a verified response, Smith filed his section 1983 complaint in federal court. Here, however, the defendants stipulated that Smith would be allowed to file a verified response in the state disciplinary proceedings where he could raise all claims, including his federal constitutional claims, that arise in this action. Thus, Smith would have an adequate opportunity to raise his federal constitutional claims. See Middlesex County, 457 U.S. at 435-36. Accordingly, the district court did not err by determining that the requirements for abstention were satisfied. See Hirsh, 67 F.3d at 712.
 
 
 6
 Smith contends that extraordinary circumstances exist as an exception to abstention. Specifically, Smith contends that the defendant justices are biased because they promulgated the mandatory continuing legal education requirements. "[O]ne who alleges bias 'must overcome a presumption of honesty and integrity in those serving as adjudicators.' " Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir.1992) (quoting Winthrow v. Larkin, 421 U.S. 35, 47 (1975)), cert. denied, 506 U.S. 1054 (1993). Here, Smith fails to show how the defendants were biased. He fails to show that the defendants have any pecuniary interest in the continuing legal education system, cf. Gibson v. Berryhill, 411 U.S. 564, 579 (1973), while only offering conjecture that the justices are biased because they promulgated the challenged rules. See Hirsh, 67 F.3d at 714.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Younger v. Harris, 401 U.S. 37, 40-41 (1971); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (stating that Younger abstention principles are applicable in civil proceedings)
 
 
 [2]
 In his appeal brief, Smith contends that the abstention was improper because the rules at issue are patently unconstitutional. Because Smith failed to raise this claim before the district court, we decline to address it. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)