Douglas v. Professional Conduct          CV-97-477-M    01/13/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Caroline Douglas

     v.                                    Civil No. 97-477-M

Professional Conduct Committee, et al.


                          **O R D E R**


     Plaintiff, Caroline Douglas, a member of the New Hampshire
bar, seeks injunctive and declaratory relief blocking enforcement
of a New Hampshire Rule of Professional Conduct during a
disciplinary proceeding initiated by the New Hampshire
Professional Conduct Committee ("NHPCC").  Douglas alleges that
the complaint currently pending against her is based on her
public criticism of certain state court judges.  On behalf of
both herself and a proposed class of New Hampshire attorneys,
Douglas contends that Rule 8.2(a) is unconstitutional and that
the disciplinary proceeding based on it violates her civil
rights.

     The NHPCC, and the other defendants, responded to
plaintiff's complaint by filing motions to dismiss in which they
invited the court to abstain from considering plaintiff's suit in
deference to the ongoing state proceedings.  See Fed. R. Civ. P.
12(b).  Several weeks after plaintiff's objections were due,
plaintiff purported to file an amended complaint (without
requesting leave to amend).  See LR 7.1(b); Fed. R. Civ. P. 5(a).

To date, plaintiff has not filed an objection to defendants' motions to dismiss.

Overlooking that failure to comply with the local rules of this court and the rules of civil procedure, the court will allow the amendment in the interest of justice, to the extent differences in the amended complaint might avoid defendants' motions to dismiss. That is, the court will consider the defendants' motions on the merits with respect to the complaint as amended.

Plaintiff asks this court to enjoin the pending disciplinary proceeding against her and to declare that Rule 8.2(a)[1] is unconstitutional. The Younger[2] abstention doctrine "espouse[s] a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Under the Younger abstention doctrine:

> a federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at

---

[1] Rule 8.2(a) of the New Hampshire Rules of Professional Conduct provides as follows:

A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

[2] The doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and its progeny, developing the law of federal abstention.

2

least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in [her] federal lawsuit.

Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996). All three elements of the abstention analysis have been previously considered in the context of various attorney disciplinary proceedings, and in each case, abstention has been deemed appropriate. See, e.g., Middlesex, 457 U.S. 423 (New Jersey); Brooks, 80 F.3d 633 (New Hampshire); Fieger v. Thomas, 74 F.3d 740 (6th Cir. 1996) (Michigan); Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708 (9th Cir. 1995) (California); Berger v. Cuyahoga Cty Bar Ass'n, 983 F.2d 718 (6th Cir. 1993) (Ohio); Storment v. O'Malley, 938 F.2d 86 (7th Cir. 1991) (Illinois).

Consideration of the pertinent factors militates in favor of abstention here. First, a pending state attorney disciplinary proceeding is a judicial proceeding for purposes of Younger abstention. See, e.g., Brooks, 80 F.3d at 638 (citing Middlesex, 457 U.S. at 433-34). Obviously, states, including New Hampshire, vindicate important state interests in attorney disciplinary proceedings. Id. The New Hampshire Supreme Court provides a full and fair opportunity during the disciplinary process itself; and any subsequent judicial review, for plaintiff to present federal constitutional claims (plaintiff has not alleged that she

3

has been denied such an opportunity[3]).  Id. at 639; see also Middlesex, 457 U.S. at 435-36.  Thus, the circumstances presented in this attorney disciplinary action satisfy all three prerequisites for abstention.

Even when the Younger abstention requirements are satisfied, however, a federal court may yet conclude that abstention is not appropriate if extraordinary circumstances exist compelling the court to stop the state proceeding.  Middlesex, 457 U.S. at 437, Brooks, 80 F.3d at 639.  Plaintiff has alleged no facts that credibly support the existence of any extraordinary circumstances, such as harassment, bad faith, or bias.  See id. at 639-40.  In addition, the challenged rule is not flagrantly, facially, or patently unconstitutional.  See Middlesex, 457 U.S. at 437.

As all Younger abstention prerequisites are met and no extraordinary circumstances suggest that abstention would be inappropriate in this particular case, the court will abstain in deference to the pending New Hampshire disciplinary proceeding.  Since plaintiff seeks declaratory and injunctive relief, not monetary damages, the action in this court is hereby dismissed.  Cf. Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996).

_____

[3]    In addition, state courts are of course presumed to be fully capable of protecting federal constitutional rights, see Brooks, 80 F.3d at 639; plaintiff has alleged nothing that would rebut the usual presumption.

4

## Conclusion

For the foregoing reasons, defendants' motions to dismiss (documents no. 2 and 5) are granted.  The clerk of court is instructed to enter judgment in favor of the defendants, in accordance with the terms of this order, and close the case.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

January 13, 1998

cc:  Caroline G. Douglas, Esq.
     Daniel J. Mullen, Esq.