Gerald JOHANNES, Petitioner—Appellant,

v.

Mel HUNTER, Executive Director of Atascadero State Hospital, Respondent—Appellee.

No. 02–56532.

D.C. No. CV–01–07188–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided July 30, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

Gerald Johannes appeals the dismissal of his petition for a writ of habeas corpus following the California Court of Appeal's overturning of a trial judge's finding of no probable cause and issuance of an order to the trial judge to find probable cause to bind Johannes over for a civil commitment trial under California's Sexually Violent Predator Act ("SVPA" or "SVP"), Cal. Wel. & Inst.Code § 6600 et seq. We affirm the dismissal.

California's SVP statute reads in relevant part, "(a) A judge of the superior court shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." Cal. Wel. & Inst.Code § 6602. Johannes argues his constitutional due process right to a probable cause hearing before a "neutral and detached fact finder" prior to civil commitment was violated when the California Court of Appeal overturned the superior court's finding that there was no probable cause to bind him over for civil commitment proceedings. Respondent argues this court should abstain from reviewing the petition because Johannes has not exhausted the available state remedies for his federal claim.

*Younger* abstention is appropriate. *Younger v. Harris*, 401 U.S. 37, 41, 91

S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* is applicable to noncriminal judicial proceedings. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717–18, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir.1995). The civil commitment proceedings brought against Johannes are judicial in nature and implicate important state interests. *Younger*, 401 U.S. at 43, 91 S.Ct. 746. At issue here is whether Johannes will have an adequate opportunity to litigate his federal claims in the state proceeding. *See id.*

Johannes has that opportunity. Johannes' petition for review to the California Supreme Court did not fairly present his federal claim to the state court as we have enunciated that standard. *See Peterson v. Lampert*, 319 F.3d 1153, 1158–59 (9th Cir. 2003) (en banc). In his petition to the California Supreme Court Johannes made no due process argument. He simply referred, once, to the requirement of due process when a person is subject to civil commitment. This "naked reference" does not rise to the level of fair presentation required by *Peterson*. Therefore Johannes is not procedurally barred from raising his federal claim in future proceedings. He may argue in his commitment trial that his due process rights were violated because he did not receive a probable cause determination made by a "neutral and detached" fact finder-the same claim he raises to this court. If committed, he may argue on appeal that his commitment was constitutionally defective because he did not receive the process provided by state law, *i.e.* a neutral and detached fact finder. Moreover the commitment proceeding may be resolved in his favor, or upon commitment an appeal may result in the reversal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of his commitment on some other grounds, thereby mooting the federal question. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.1983).

Finally, Johannes argues that given the amount of time it takes to complete an appeals process and the unique nature of the two-year SVPA commitment period followed by the possibility of re-commitment for a further two-year period upon the filing of a new petition, he will no longer be in custody on the current commitment by the time direct review is completed in the state courts. That is, Johannes contends that because of the lag time in pursuing state remedies, he will never have the opportunity to raise his claim in federal court, but will always be pleading in the state courts on a new commitment petition. If true, this argument is a compelling one; nonetheless it remains to be seen whether this situation will come to pass. Moreover, the district court in *Rose v. Nelson,* 2001 WL 1352889, *1 (N.D.Cal. 2001) explained a potential remedy for such problems with these time-sensitive claims.

Johannes has not demonstrated harassment by state officials, asserted a double jeopardy violation, or sought to compel a trial, all recognized exceptions to *Younger* abstention. 401 U.S. at 49, 91 S.Ct. 746. Because none of the exceptions are implicated, we refrain from adjudicating the petition pursuant to *Younger.*

For the foregoing reasons, the judgment of the district court is AFFIRMED.