**Barry BLAKE, Petitioner—Appellant,**

v.

**Leroy BACA, Respondent—Appellee.**

No. 02–56102.

D.C. No. CV–02–00987–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.*

Decided July 30, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM**

Barry Blake appeals the dismissal of his petition for a writ of habeas corpus following the California state court's determination that he falls within the statutory requirements for civil commitment under the Sexually Violent Predators Act, Cal. Wel. & Inst.Code § 6600 et seq. We affirm the dismissal.

Blake argues the state court's interpretation of § 6600(a) violates his Fifth and Fourteenth Amendment due process rights. Respondent argues that the court should abstain from reviewing the petition as state remedies are unexhausted and the petition fails to state a federal claim.

*Younger* abstention is appropriate. *Younger v. Harris,* 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* is applicable to noncriminal judicial proceedings. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 717–718, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Hirsch v. Justices of Supreme Court of State of Cal.,* 67 F.3d 708, 712 (9th Cir.1995). The civil commitment proceedings brought against Blake are judicial in nature and implicate important state interests. *Younger,* 401 U.S. at 43. The only question at issue here is whether Blake will have an adequate opportunity to litigate his federal claims in the state proceeding. *See id.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

586

Blake will have that opportunity. He may argue in the civil commitment hearing that the California statute is unconstitutionally over-broad. *See id.* at 49. The state argues in its brief to this court that "[Blake] has not fairly presented his federal claim in any motion or habeas action in the state courts," that "[his] claim is not procedurally barred since the state court's decision did not resolve [his] federal question," and that "the procedural due process claim now being asserted in [Blake's] petition was never presented to the state courts." *See Brief for Appellee Los Angeles County Sheriff, Blake v. Baca,* No. 02–56102 at *14, 17, 20, 2003 WL 21774038 (9th Cir. July, 2003). The state is thus judicially estopped from denying Blake the opportunity to raise his federal claim in the civil commitment proceedings and, if he should be committed, in any subsequent appeals.

Blake has not demonstrated harassment by state officials, asserted a double jeopardy violation, or sought to compel a trial, all recognized exceptions to *Younger* abstention. 401 U.S. at 49. Because none of the exceptions are implicated, we refrain from adjudicating the petition pursuant to *Younger.*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

