**Richard A. CANATELLA,
Plaintiff–Appellant,**

v.

**Ronald W. STOVITZ, Presiding Judge of the State Bar Court, San Francisco; Judith A. Epstein, Review Judge, San Francisco; Madge S. Watai, Review Judge, Los Angeles; Richard A. Honn, Hearing Judge, Los Angeles; Patrice E. McElroy, Hearing Judge, San Francisco; Alban I. Niles, Hearing Judge, Los Angeles; Joann M. Remke, Hear-**

ing Judge, San Francisco; Robert M. Talcott, Supervising Hearing Judge, Los Angeles; James E. Herman, President of the Board of Governors of the State Bar of California; Michael Nisperos, Jr., Chief Trial Counsel; Richard A. Platel, Hearing Judge, Los Angeles; John Van De Kamp, President of the Board of Governors of the State Bar of California; Russell Michael Nisperos, Jr., Chief Trial Counsel, Defendants–Appellees.

No. 05–15447.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Dec. 6, 2006.

Ronald M. Toran, Esq., Cotter & Del Carlo, San Francisco, CA, for Plaintiff–Appellant.

Richard A. Canatella, San Francisco, CA, pro se.

Marie M. Moffat, Esq., Jay M. Goldman, Esq., The State Bar of California Office of the General Counsel, San Francisco, CA, Robin B. Johansen, Esq., Remcho, Johansen and Purcell, San Leandro, CA, for Defendants–Appellees.

* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Before: WALLACE and BYBEE, Circuit Judges, and PREGERSON *, District Judge.

## MEMORANDUM **

Appellant Richard Canatella ("Appellant") appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 suit against several officers of the State Bar of California alleging that: 1) five California attorney disciplinary provisions are unconstitutional, 2) the Bar's disciplinary procedures violate due process and the Supremacy Clause, and 3) the Bar has deprived him of the protection of California's litigation privilege. The facts and procedural history are familiar to the parties, and we do not repeat them here. Dismissals for failure to state a claim are reviewed de novo. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996).

Appellant's first claim challenges CAL. BUS. & PROF.CODE § 6068(c), CAL. BUS. & PROF.CODE § 6068(g), CAL. BUS. & PROF. CODE § 6103, CAL. BUS. & PROF.CODE § 6106, and CAL. R. OF PROF. CONDUCT 3–200. Regardless of the test used to determine the validity of those provisions and assuming they implicate some protected speech, Appellant's first prayer for relief still fails because he has not stated a claim upon which relief can be granted. First, Appellant does not allege any facts supporting an as-applied challenge, and therefore, his as-applied arguments fail. Second, Appellant's assertion that those provisions are overbroad fails because he does not identify any protected speech that is encumbered by those provisions; put differently, Appellant alleges no facts

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from which we could conclude that those provisions "punish[ ] a 'substantial' amount of protected free speech, 'judged in relation to [their] plainly legitimate sweep,'" as required to "apply[ ] the 'strong medicine' of overbreadth invalidation." *Virginia v. Hicks,* 539 U.S. 113, 118–120, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003) (quoting *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)). Third, Appellant's vagueness challenges fail because he does not allege any facts from which we could conclude that the various terms he attacks are anything other than "terms of common understanding." *California Teachers Ass'n v. State Bd. of Educ.,* 271 F.3d 1141, 1152 (9th Cir.2001); *see also CSC v. Letter Carriers,* 413 U.S. 548, 578–79, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973) (noting that "there are limitations in the English language with respect to being both specific and manageably brief, and it seems ... that although [a] prohibition[ ] may not satisfy those intent on finding fault at any cost," a prohibition is not vague if it is "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with"). Fourth, Appellant has failed to allege facts indicating that the challenged provisions discriminate on the basis of viewpoint. *See, e.g., United States v. Kokinda,* 497 U.S. 720, 736, 110 S.Ct. 3115, 111 L.Ed.2d 571 (1990) (plurality). Fifth, Appellant's assertion that the challenged provisions are underinclusive fails because he has not alleged that those provisions contain viewpoint based exemptions. *See City of Ladue v. Gilleo,* 512 U.S. 43, 51, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994) (holding that to be unconstitutionally underinclusive, a regulation must create "an exemption from an otherwise permissible regulation of speech"). And sixth, Appellant's Petition Clause argument fails because the challenged provisions do not violate any "associational or speech interests" alleged by the Appellant. *WMX Techs., Inc. v. Miller,* 197 F.3d 367, 372 (9th Cir.1999) (en banc); *see also McDonald v. Smith,* 472 U.S. 479, 485, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985).

■ Appellant has also failed to state a claim upon which relief may be granted in his second prayer for relief. By failing to raise the argument in his briefs, Appellant has waived his Supremacy Clause argument. *See, e.g., Armentero v. I.N.S.,* 412 F.3d 1088, 1095 (9th Cir.2005) ("Failure to raise an argument in an opening brief constitutes waiver."). Appellant's alternative argument, that California's disciplinary system violates due process, is foreclosed by *Hirsh v. Justices of Supreme Court of State of California,* 67 F.3d 708, 714 (9th Cir.1995).

■ Appellant's third claim—that subjecting him to discipline despite California's litigation privilege deprives him of right or privilege under color of state law—fails to state a claim upon which relief can be granted because that privilege does not apply to disciplinary proceedings. *See, e.g., Silberg v. Anderson,* 50 Cal.3d 205, 213, 266 Cal.Rptr. 638, 786 P.2d 365 (Cal.1990) (noting that the litigation privilege is designed "to afford litigants ... the utmost freedom of access to the courts without fear of being harassed subsequently *by derivative tort actions*" (citation omitted) (emphasis added)); *Kuehn v. Kuehn,* 85 Cal.App.4th 824, 834, 102 Cal. Rptr.2d 743 (Cal.Ct.App.2000) (noting that the "litigation privilege ... bars derivative tort actions").

■ Finally, because "it is clear, upon *de novo* review, that [Appellant's] complaint [cannot] be saved by any amendment," *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061

(9th Cir.2004), the district court did not abuse its discretion by dismissing his complaint without leave to amend. *See also McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003).

Accordingly, the district court's order dismissing Appellant's claims is **AFFIRMED.**

WALLACE, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority that Canatella has waived his Supremacy Clause argument. Because Canatella lacks constitutional standing to raise his other arguments, however, I would not address their merits. Rather, I would dismiss the appeal.

**I**

We are obligated to consider our jurisdiction before proceeding to the merits of the case. *See Bell v. Bonneville Power Admin.*, 340 F.3d 945, 950 (9th Cir.2003), citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (rejecting the doctrine of hypothetical jurisdiction). For Canatella "to invoke the jurisdiction of the federal courts," he "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Thus, Canatella has the burden of establishing what we have referred to as "constitutional standing." *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1531 (9th Cir.1985). To satisfy the requirements of constitutional standing, Canatella must allege, among other things, an "injury in fact"— that is, "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir.2001), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted).

"But there is still more to standing requirements because, beyond constitutional standing, there are prudential standing principles to which 'the federal judiciary has also adhered.' " *Smelt v. County of Orange*, 447 F.3d 673, 682 (9th Cir.2006), quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). To establish prudential standing, Canatella "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge*, 454 U.S. at 474, 102 S.Ct. 752 (quotations omitted).

We previously addressed the issue of Canatella's standing in *Canatella v. State of California*, 304 F.3d 843 (9th Cir.2002) (as amended) (*Canatella I* ). There, we recited the standards pertinent to both constitutional and prudential standing. *See Canatella I*, 304 F.3d at 852. We went on to conclude that "[b]ecause the equitable relief [Canatella] seeks would alleviate the harm he has alleged, Canatella demonstrates standing and his claims should be allowed to proceed." *Id.* at 853.

At first glance, *Canatella I* appears to foreclose further consideration of Canatella's standing to raise his arguments on appeal. Nevertheless, I am convinced that in *Canatella I* we made the limited determination that Canatella had satisfied only "the prudential requirements of standing under the analysis appropriate in the First Amendment context." *Id.* at 855. *See also id.* at 853 n. 11 (describing our standing analysis as "relaxed"); *id.* at 854 ("Under the rubric of *Broadrick [v. Oklahoma,*

413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)], this is enough to satisfy the prudential requirements of standing for a First Amendment overbreadth claim"). Thus, we did not decide whether any of Canatella's arguments were supported by allegations meeting the requirements of constitutional standing.

In addition, *Canatella I* made its standing determination based on Canatella's disciplinary record, *see id.* at 852–53, but Canatella now indicates that this record is not the basis of the arguments he sets forth in his second amended complaint. *See* Transcript of Oral Argument, *Canatella v. Stovitz*, No. 05–15447, at 04:41–4:55 ("I think if the court is talking Article III standing, we have something different here. We have a pure overbreadth case here. We have no fact case here."); *id.* at 14:11–14:16 ("That's why we can come into this court without a fact-based record"). *See also Canatella v. Stovitz*, No. C 00–01105 JSW, at 12 n. 12 (N.D.Cal. Feb. 16, 2005) ("As Canatella has made quite clear, 'this case is not about the historical record' "). Allegations concerning either Canatella's disciplinary record or his possible intent to repeat any of the acts for which he has been disciplined are therefore not before us. Accordingly, I have no basis for concluding, as *Canatella I* did, that "[t]here is a strong likelihood Canatella may again face discipline under the challenged provisions." 304 F.3d at 853.

Because we did not specifically address the issue, or, alternatively, because we did so in light of allegations that Canatella now indicates are irrelevant, *Canatella I* does not foreclose our consideration of constitutional standing. I would therefore address each of his arguments to determine whether any of them implicate the "invasion of a legally-protected interest" such that he may seek redress from this court.

## A

Canatella argues that Cal. Bus. & Prof. Code § 6068(c), Cal. Bus. & Prof.Code § 6068(g), Cal. Bus. & Prof.Code § 6106, and Cal. R. of Prof. Conduct 3–200 (the challenged state laws) violate the First Amendment "as applied." "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.1998) (as amended). "An as-applied challenge does not implicate the enforcement of the law against third parties," nor does it "render the law itself invalid but only the particular application of the law." *Id.*

In this case, Canatella alleges that the challenged state laws inhibit his ability both to "take[ ] positions in courtroom advocacy that are not consistent with those espoused by mainstream attorneys ... or their clients" and to "strenuously advocate his clients' rights." He does not allege, however, what these "positions" are; how they may differ from those "espoused by [the] mainstream"; or why, and if so to what extent, such "strenuous[ ]" advocacy may differ from the advocacy other attorneys provide. Nor does Canatella allege that the challenged state laws have been or will ever be enforced against him merely because he may "take[ ] positions" outside the "mainstream" or because he "strenuously advocate[s] his clients' rights." Furthermore, he does not allege that he is presently subject to any disciplinary proceedings pursuant to any of the challenged state laws, let alone disciplinary proceedings that may relate to his speech as an attorney.

Indeed, the only possible harm he alleges is his "fear" of future discipline. He does not indicate with any particularity, however, *what* speech he fears may sub-

ject him to such discipline. Canatella, then, has failed to allege a "particular application" of the challenged state laws that results in a harm that is both "concrete and particularized" as well as "actual or imminent." He thus lacks constitutional standing to assert his First Amendment "as-applied" arguments.

## B

Canatella contends that the challenged state laws "unconstitutionally chill[ ] ... courtroom speech." Under the Supreme Court's First Amendment overbreadth doctrine, Canatella may challenge laws that by virtue of their overbreadth inhibit the First Amendment rights of individuals who are not before the court. *See 4805 Convoy v. City of San Diego*, 183 F.3d 1108, 1112 (9th Cir.1999). He may do so "even if his own conduct is not protected under the First Amendment." *Id.* In this narrow context, then, Canatella may rely on another individual's "specific present objective harm or a threat of specific future harm" to circumvent "the prudential rule that a litigant has standing to vindicate only his own constitutional rights." *N.A.A. C.P., W. Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir.1984).

Nevertheless, "the overbreadth doctrine does not affect the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir.2004) (internal quotations omitted). *See also Table Bluff*, 256 F.3d at 886 (holding that the application of prudential standing principles "presuppose[s] that the plaintiff already has [constitutional] standing"). Here, Canatella fails to allege any particular speech act that may enmesh him in a disciplinary proceeding pursuant to the challenged state laws. Canatella, then, has failed to allege a pertinent harm that

is both "concrete and particularized" as well as "actual or imminent." Accordingly, Canatella lacks constitutional standing to assert his First Amendment overbreadth arguments.

## C

Canatella argues that the challenged state laws are unconstitutionally vague. To prove as much, Canatella would have to show (1) that they do not define the conduct they prohibit with sufficient definitiveness, and (2) that they do not establish minimal guidelines to govern law enforcement. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1493 (9th Cir.1996). "Where a law at issue does not implicate First Amendment rights, it may be challenged for vagueness only as applied, unless the enactment is impermissibly vague in all of its applications." *Id.* (internal quotations and citation omitted).

Again, however, Canatella fails to allege that the challenged state laws either have been or will be enforced against him for engaging in any particular speech or conduct. As such, he fails to allege any harm that is both "concrete and particularized" as well as "actual or imminent" resulting from the enforcement of the allegedly vague laws. He therefore lacks constitutional standing to raise either facial or as-applied void-for-vagueness challenges to the laws.

## D

Canatella contends that section 6068(c) is underinclusive in violation of the First Amendment because it fails to prohibit "many illegal or unjust lawsuits brought from corrupt motive." Similarly, Canatella contends that section 6068(g) is underinclusive "because many illegal or unjust

lawsuits brought from corrupt motives fall outside the statute's limited scope."

For "a regulation of speech" to be "impermissibly underinclusive" and thereby conflict with "firmly grounded ... First Amendment principles," the regulation must create "an exemption from an otherwise permissible regulation of speech" in an "attempt to give one side of a debatable public question an advantage in expressing its views to the people." *City of Ladue v. Gilleo,* 512 U.S. 43, 51, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994) (internal quotations omitted).

Canatella fails to allege that he engages or imminently will engage in speech representing the views of one side of any particular "debatable public question," let alone speech that is in any way disadvantaged by the enforcement of either section 6068(c) or section 6068(g). Again, Canatella fails to allege an injury that is both "concrete and particularized" as well as "actual or imminent" resulting from the enforcement of the allegedly underinclusive laws. Canatella thus lacks constitutional standing to challenge the laws.

### E

The First Amendment's Petition Clause protects "the right of the people ... to petition the Government for a redress of grievances." U.S. Const., amend. I. Canatella contends that section 6068(c) violates the Petition Clause by "[l]abeling [his] conduct 'vexatious,' 'reckless,' or 'frivolous.' " Canatella, however, has not alleged any particular conduct or speech that section 6068(c) "labels" in that way. Canatella further contends that section 6068(g) "appears to distinguish favored from disfavored court speech on the basis of the ideas or views expressed." Canatella, however, does not allege that he engages or will imminently engage in any speech that section 6068(g) may favor or disfavor. Be-cause Canatella has not alleged a concrete and particularized injury resulting from the enforcement of either section 6068(c) or section 6068(g), he lacks constitutional standing to challenge these laws on the ground that they are underinclusive in violation of the First Amendment.

### F

Canatella argues that Cal. Bus. & Prof. Code § 6086.10 violates due process because the judges imposing disciplinary orders have a financial interest in the outcome of pending disciplinary proceedings. Section 6086. 10 provides in part that "[a]ny order imposing a public reproval on a member of the State Bar shall include a direction that the member shall pay costs" and that "[i]n any order imposing discipline, or accepting a resignation with a disciplinary matter pending, the Supreme Court shall include a direction that the member shall pay costs." Cal. Bus. & Prof.Code § 6086.10(a). Because Canatella has not alleged that he is presently or will imminently be subject to an order to pay such costs, he has failed to establish an injury-in-fact on which he may base his constitutional standing to challenge section 6086.10.

### G

Cal. Civ.Code § 47(b)(2) provides that "[a] privileged publication or broadcast is one made ... [i]n any ... judicial proceeding." Canatella argues that by potentially subjecting him to discipline based on an in-court statement, the California Bar may, under color of state law, deprive him of the privilege afforded by section 47(b)(2) in violation of 42 U.S.C. § 1983. Again, Canatella fails to allege that he is presently or will imminently be disciplined based on any particular statement that may be privileged under section 47(b)(2). As such, his

section 1983 challenge to the California Bar's disciplinary procedures is premised on a hypothetical injury, not an injury-in-fact. He therefore lacks constitutional standing to challenge those procedures.

In sum, I would determine that Canatella lacks constitutional standing to raise any of his arguments concerning either the challenged state laws or the California Bar's disciplinary procedures.