**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT H. GRUNDSTEIN, Esquire, | No. 12-35792 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00569-RSL |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION, c/o Steven Crossland President; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted May 13, 2014[**]

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

Robert H. Grundstein, a disbarred Washington attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising out of his state bar disciplinary proceedings. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(1) and (6)); *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (*Younger* abstention).  We affirm.

The district court properly dismissed Grundstein's request for injunctive and declaratory relief as barred by the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings.  *See Gilbertson*, 381 F.3d at 975 (listing the requirements for *Younger* abstention and explaining that the doctrine applies to actions for declaratory relief); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712-15 (9th Cir. 1995) (dismissing action arising from state bar disciplinary proceedings as barred by the *Younger* abstention doctrine).

The district court properly dismissed Grundstein's request for damages because the Washington State Bar Association, the state bar prosecutor and the hearing officer are immune from liability.  *See Hirsh*, 67 F.3d at 715 (discussing immunity of state bar judges and prosecutors); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (the Washington State Bar Association is "an agency of the state" and thus not a person subject to liability under 42 U.S.C. § 1983).

We deny in part and grant in part the motion to strike filed on February 8, 2013. The motion is denied with respect to the Appendix filed on February 1, 2013. The motion is granted with respect to the supplements to the Appendix filed after February 1, 2013.

We deny the motion to append the opening brief filed on March 11, 2013.

We deny all motions to supplement the record.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED**.