**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WADE ROBERTSON, | No. 18-16304 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01724-JD |
| v. | |
| RICHARD A. HONN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Wade Robertson, a disbarred California attorney, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action arising out of his

state bar disciplinary proceedings.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004)

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(en banc). We affirm.

The district court properly dismissed Robertson's claims requesting injunctive relief arising out of the then-pending California State Bar disciplinary proceedings as barred by the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712-15 (9th Cir. 1995) (listing the requirements for *Younger* abstention and dismissing action arising from state bar disciplinary proceedings as barred by the *Younger* abstention doctrine). Contrary to Robertson's contention, none of the exceptions to the *Younger* abstention doctrine apply.

The district court did not err in declining to consider for reasons of comity Robertson's claim seeking to vacate the judgment of sister courts. *See FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) ("Although the registering court has wide discretion to entertain a challenge to the underlying judgment, such motions are disfavored. Registering courts generally prefer litigants to bring motions for postjudgment relief in the rendering court."); *see id.* ("Courts of appeal review with deference a registering court's decision to defer to the rendering court, if they review them at all.").

Robertson's, Cartinhour's and the State Bar defendants' requests for judicial notice (Docket Entry Nos. 9, 40, and 46) are granted.

18-16304

Robertson's motion to strike Volume 2 of Cartinhour's Supplemental Excerpts of Record (Docket Entry No. 54) is denied.

Robertson's motion to file a supplemental brief (Docket Entry No. 63) is granted in part. The Clerk shall file the supplemental brief submitted at Docket Entry No. 64. The motion is denied in all other respects.

Robertson's motion for reconsideration of the July 31, 2019 clerk order (Docket Entry No. 70) is denied.

**AFFIRMED.**