NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-16689 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02277-MMC |
| v. | |
| STATE BAR OF CALIFORNIA; THE CALIFORNIA SUPREME COURT, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's judgment

dismissing his antitrust and 42 U.S.C. § 1981 action arising out of California State

Bar disciplinary proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).  Kinney's request for oral
argument, set forth in the opening brief, is denied.

review de novo the district court's order granting a motion to dismiss. *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012). We affirm.

The district court properly dismissed Kinney's action because his claims against the State Bar of California and the California Supreme Court are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (California state courts are "arms of the state" entitled to Eleventh Amendment immunity); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies or departments "regardless of the nature of the relief sought").

The district court did not abuse its discretion by denying Kinney leave to amend the complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (*Rooker-Feldman* doctrine bars district court from exercising jurisdiction over a "de facto" appeal from a state court judgment).

16-16689

The district court did not abuse its discretion by declining to enter the default of the California Supreme Court because Kinney's claims against the California Supreme Court lacked merit. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (setting forth standard of review and holding that district court did not abuse its discretion by declining to enter default judgment "[g]iven the lack of merit in [plaintiff's] substantive claims").

The district court did not abuse its discretion by denying Kinney's motion for recusal because Kinney failed to establish any basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and discussing grounds for recusal).

The district court did not abuse its discretion by denying Kinney's motion to vacate because Kinney failed to establish any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and requirements for relief under Fed. R. Civ. P. 59(e) and 60(b)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16689